Joseph WINKLER, Plaintiff,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. No. 830–62.

United States District Court
District of Columbia.

Sept. 20, 1963.

Carroll Palmer, Washington, D. C., for plaintiff.

8. Affidavit of Jesse S. Calhoon in Opposition to Application for Preliminary Injunction, pp. 1–3.

Clarence W. Moore, Solicitor, Washington, D. C., for defendant.

JACKSON, Judge.

This is an action in the nature of an appeal under the "Administrative Procedure Act", Title 5, United States Code, Section 1009, seeking judicial review of the action taken by the defendant, Commissioner of Patents, on certain of plaintiff's petitions to revive two patent applications.

In this action the plaintiff, as formerly assignee of a 20% interest, and as presently assignee of the entire interest in abandoned Applications Serial Nos. 533,-764 and 603,152, seeks to have this Court issue an order declaring that he is entitled to have said applications revived under 35 U.S.C. § 133, and Patent Office Rule 137, and grant such other relief as this Court may deem proper and just.

Plaintiff is one of the three joint applicants in Application Serial No. 533,764 and is the sole applicant in Application Serial No. 603,152.

Approximately three or more years after the respective dates of abandonment of the above-mentioned applications, by failure to prosecute in a timely manner, plaintiff petitioned for revival of said applications pursuant to 35 U.S.C. § 133, and Patent Office Rule 137. In decisions of record contained in the applications, the defendant, Commissioner of Patents, denied the petitions to revive on the ground that plaintiff had failed to show that the delay in prosecution was unavoidable.

The inventions which form the subject matter of the applications were made while plaintiff was an employee of American Collo Corporation, a New York Corporation, and the entire right, title and interest in both applications was originally assigned to that Corporation.

On January 2, 1957, plaintiff terminated his employment with American Collo Corporation, at which time a 20% undivided interest in the two applications was assigned by the Corporation to plaintiff, and on February 25, 1957, this assignment was recorded in the Patent Office.

While plaintiff was in the employ of the Corporation, he had assisted in prosecuting the patent applications for the Corporation by reviewing official actions and providing officers of the Corporation with suggestions and information that might be relayed to a patent attorney, Mr. Striker, whom the Corporation regularly engaged to prepare and prosecute patent applications, including the present two applications.

At the time the plaintiff acquired his 20% interest in the two applications, it was agreed between American Collo Corporation, and plaintiff, that American Collo should continue to prosecute the applications. The assistance of plaintiff in connection with the prosecution of the applications was to continue. At this time American Collo agreed not to permit the applications to become abandoned without plaintiff's approval, and to permit plaintiff to take over the prosecution of the applications if the Corporation should decide for any reason to drop their prosecution.

In the Summer of 1957, plaintiff learned that American Collo had experienced financial difficulties. On March 14, 1957 the Corporation entered into an assignment for the benefit of creditors with Mr. Feldman, a New Jersey Attorney, who acted as assignee pursuant to New Jersey Law. (N.J.S. 2A:19–50, N.J. S.A.).

The evidence indicates that on February 6, 1957, plaintiff's address was Duarte, California. All subsequent addresses of plaintiff shown in the record are in California where plaintiff was employed as a technical service specialist with Aerojet-General Corporation in Sacramento from about January 1961. Plaintiff inquired from time to time of officers of American Collo between about February 1957, and the Fall of 1960, as to the status of the applications. Throughout this period he was advised that the applications were being handled by lawyers before the U. S. Patent Office, and received comparable assurances that

such applications were pending before the Patent Office.

While the applications were still pending before the Patent Office, the assignee for the benefit of creditors, decided, because the size of the assets was so small, to abandon the applications.

In the opinion of the Court the assignee's decision is binding on the plaintiff who had expressly permitted American Collo to represent his interest in controlling the prosecution, and took no steps to intervene after learning in the Summer of 1957 that the Corporation had entered "bankruptcy or other insolvency proceedings".

Plaintiff asserts that until September 1960, he was of the belief that the patent applications were still pending before the Patent Office, and had not become abandoned since all his inquiries had shown that the applications were still pending, and he had not received notification that the applications had been abandoned. Furthermore, he asserts that the understanding between the Corporation and himself regarding the fact that he might take over the prosecution of the applications if the Corporation intended to abandon them led him to this belief.

Plaintiff now owns the entire right, title and interest in both applications, and this fact is recorded in the U. S. Patent Office. (Reel 1018, Frames 244 and 246).

Plaintiff learned for the first time in September 1960 of the abandonment of the applications, and in that same month he appointed patent counsel to take action in an attempt to preserve his rights in the two applications.

Plaintiff's attorney filed petitions for revival of the two applications after he was appointed on February 27, 1961. A decision was issued by the Commissioner of Patents on May 17, 1961 which denied the petition to revive without prejudice to prompt renewal if accompanied by further verified showings which would cure certain deficiencies noted in the decision. On June 20, 1961, plaintiff filed further showings in support of the petition to revive in an attempt to dispose of the Commissioner's objections to the verified showings originally submitted. On November 6, 1961, defendant issued decisions in both applications denying the plaintiff's request to have his applications revived. On December 18, 1961, plaintiff filed a request for reconsideration by defendant of the refusal to revive the applications, accompanied with reasons for the request, and finally, on January 5, 1962, defendant issued decisions in both applications denying the petitions to revive.

Title 35 Section 133 provides:

"Upon failure of the applicant to prosecute the application within six months after any action therein, of which notice has been given or mailed to the applicant, or within such shorter time, not less than thirty days, as fixed by the Commissioner in such action, the application shall be regarded as abandoned by the parties thereto, *unless it be shown to the satisfaction of the Commissioner that such delay was unavoidable.*" (Emphasis added).

"Unavoidability", as mentioned in the above-mentioned statute, is discussed in the case of In re Mattullath, 38 App.D.C. 497, and Commissariat A L'Energie Atomique v. Watson, 107 U.S.App.D.C. 85, 274 F.2d 594.

In discussing the meaning of "unavoidable" the Court, in In re Mattullath, supra, said:

"* * * * Its purpose is to encourage diligence in proceedings before the Office. If the broad and unlimited meaning of the word 'unavoidable' were to prevail, it is difficult to conceive when an abandoned case could be reinstated under this section. In my opinion, the word is used in a more limited sense. It is applicable to ordinary human affairs, and requires no more or greater care or diligence than is generally used and observed by prudent and careful men in relation to their most important business."

■ The Court is of the opinion that plaintiff has failed to prove that he exercised the diligence of a prudent and careful man in relation to important business within the meaning of Section 133.

The record shows that on February 26, 1957, plaintiff, in a letter directed to Mr. Guy Bishop of American Collo Corporation, offered to handle the prosecution of the patent applications which the Corporation did not wish to pursue. That letter indicates plaintiff's recognition that some of the patent applications of which he had a 20% interest had very little value to the Corporation, and it clearly indicates that plaintiff knew at that time that the Corporation was having difficulty in paying its patent agent.

The letter of February 26, 1957 indicated that plaintiff, in addition to being a highly educated chemist, was also a capable businessman.

There is no evidence of record that after the plaintiff learned of the assignment for the benefit of creditors that reasonably diligent inquiry by him could not have produced the information that the applications in which he had a 20% interest had been assigned to Mr. Feldman, and that the latter did not intend to spend the assets in paying a patent attorney to prosecute these applications.

The Court finds that there does not exist a sufficient showing, in view of the long abandonment, to establish that the delay was unavoidable as required by 35 U.S.C. § 133. It appears that control over the prosecution of these applications before the Patent Tribunals passed to the Court-appointed assignee for the benefit of creditors in May 1957, and that upon learning of the assignee's financial difficulty the applicant acquiesced in the exercising of control by the receiver.

It does not appear to the Court that there is an adequate explanation by the plaintiff for his failure to take steps to insure the continued prosecution of this case when he learned of the Corporation's financial difficulties in the Summer of 1957, and in that connection for the subsequent delay in filing his petition to revive the patent applications before the Patent Office.

■ Plaintiff, having failed to prove that the delay in prosecuting his patent applications was unavoidable, is not entitled to a revival of his applications. The Court further finds that the Commissioner of Patents correctly refused to revive plaintiff's applications, since, according to 35 U.S.C. § 133, he is authorized to do so only upon a showing that the delay was unavoidable. Accordingly, the Complaint should be dismissed.

The foregoing constitutes Findings of Fact and Conclusions of Law.